## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KENNETH WAYNE HILL,** | : | |
| | : | |
| **Plaintiff,** | : | **Civ. Case No. _____** |
| | : | |
| **-v-** | : | |
| | : | |
| **CARRINGTON MORTGAGE** | : | |
| **SERVICES, LLC,** | : | |
| | : | |
| **Defendant.** | : | **April 18, 2024** |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This action is based upon Carrington Mortgage Services, LLC's ("Carrington"),

failure to timely adjust inaccurate and false assertions on Plaintiff's credit report and is governed

by the Federal Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681 *et seq*.

Carrington failed to report three loan payments by Plaintiff and improperly reported that Plaintiff

sought forbearance for a period of three months when, in fact, Plaintiff never accepted nor

entered into a forbearance agreement and all three of the aforementioned loan payments were

timely made by Plaintiff and accepted by Carrington.

## JURISDICTION AND VENUE

2.      This court has federal question jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 because the Plaintiff's claims arise under a federal statute, 15 U.S.C. § 1681.

3.      Venue is proper in this Court because a significant portion of the events detailed

in this Complaint occurred in this District.  This matter relates to real property located in the

State of Connecticut and involves reporting of a mortgage loan taken against that property by the

Plaintiff by virtue of a loan by the Defendant, Carrington.

## PARTIES

4.      The Plaintiff, Kenneth W. Hill, is currently a resident of Kentucky.  The property made subject of this litigation is situated in the State of Connecticut.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a.

5.      The Defendant, Carrington Mortgage Services, LLC ("Carrington"), is a foreign corporation doing business in this country and in the State of Connecticut. Carrington is a "furnisher" of information as defined by the FCRA and the Consumer Financial Protection Bureau's corresponding regulations.

## FACTUAL BACKGROUND

6.      Carrington is engaged in the business of lending money.  Its actions in lending money and reporting timely payments by customers are governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681.

7.      Plaintiff borrowed money from Carrington and, in turn, granted Carrington a mortgage on property located at 171 Chestnut Street in New Haven, Connecticut.

8.      The loan agreement called upon Plaintiff to make certain monthly payments to Carrington.

9.      Plaintiff made all payments due to Carrington in full compliance with the provisions of the loan agreement and did not at any time in 2021 or 2022 seek forbearance, modification, or any other alteration in the terms of the original loan agreement and mortgage.

10.      Plaintiff owned other properties in New Haven, Connecticut, including, but not limited to, property located at 97 Olive Street wherein interim financing was to expire.  Plaintiff sought to participate in a preferential loan program offered by Northpointe Bank that would not only have provided him permanent financing on this property, but would have also enabled him to take cash out of other properties to pay the costs of completing the construction renovations at

201 Winchester Avenue in New Haven and, subsequently, secure permanent financing on that Winchester Avenue property using proceeds from loans that had already been conditionally approved by Northpointe Bank.

11.     Plaintiff was preapproved for preferential financing by Northpointe Bank that not only would have provided permanent financing on his 97 Olive Street project but would have also funded other specified projects owned by the Plaintiff, as well as other elements of his ongoing business operations.

12.     Within a matter of days after submitting his initial mortgage loan applications to Northpointe Bank, Plaintiff was advised by Northpointe Bank that the strength of his applications, which included his credit score and history, was such that it would allow them to make the 97 Olive Street loan; and, that they could proceed with the full processing of his applications and complete the closing process within a matter of weeks.

13.     On April 25, 2022, Northpointe Bank provided notice to Plaintiff, in writing, that they could not proceed to closing because: (i) Plaintiff's updated credit reports showed that three consecutive loan payments to Carrington during the last quarter of 2021 had not been made, (ii) Carrington had reported that Plaintiff's loan with them had been placed in Forbearance and (iii) Carrington failed to report to the credit bureaus that Plaintiff had, indeed, timely made the three unreported payments in the fall of 2021.

14.     Plaintiff immediately contacted Carrington to get an explanation and, subsequently, to demand that Carrington correct this erroneous reporting of the Plaintiff's payment history to the credit bureaus.  In response, Carrington stated they would review the matter.  One result of that review was Carrington's confirmation to Plaintiff that, in fact, their

letter to the Plaintiff offering him the option of a forbearance agreement in the aftermath of a hurricane was never sent to the Plaintiff.

15.     More than thirty days elapsed before Carrington corrected the issue and restored Plaintiff's credit to reflect the fact that there was no forbearance and that all payments due during the 2021 period in which Carrington reported no payments by the Plaintiff had been made timely.

**COUNT I**

**NEGLIGENT VIOLATION OF THE FCRA, 15 U.S.C. §1681o**.

16.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as if fully stated herein.

17.     Carrington failed to timely adjust inaccurate and false assertions on Plaintiff's credit report.  As a direct result of Carrington's failure to acknowledge and report the timely payments made by Plaintiff during the 4th quarter of 2021 and their reporting forbearance where none existed, Carrington caused Plaintiff to lose forever the opportunity for the preferential funding offered by Northpointe Bank.

18.     As a direct and proximate result of Carrington's breach of its legal duty to Plaintiff, Plaintiff incurred unnecessary legal fees, was forced to place two of his properties in a joint bankruptcy proceeding, and was forced to incur significant additional fees, costs and losses.

19.     As a direct and proximate result of Carrington's failure, Plaintiff incurred increased financing-related charges, default interest, and other consequences on the property located at 97 Olive Street; and he was eventually forced to obtain financing at substantially higher rates of interest and less favorable terms.

20.     Carrington's above-mentioned acts and omissions are in direct violation of the FCRA giving Plaintiff a right of action against Carrington pursuant to Section 617 of that Act.

21.     Carrington's actions in failing to timely correct the errors in Plaintiff's credit report entitle Plaintiff to actual and punitive damages from Carrington.

22.     Plaintiff is entitled to reasonable attorneys' fees, pursuant to 15 U.S.C. § 1681o(a).

## COUNT II

### WILLFUL VIOLATION OF THE FRCA, 15 U.S.C. § 1681n.

23.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-22 of this Complaint as if fully stated herein.

24.     Carrington willfully failed to comply with the requirements imposed under the FCRA, including but not limited to, failing to comply with the requirements of 15 U.S.C. § 1681s-2(b).

25.     Carrington's actions in failing to timely correct the errors in Plaintiff's credit report entitle Plaintiff to actual and punitive damages from Carrington.

26.     Plaintiff is entitled to reasonable attorneys' fees, pursuant to 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in favor of the Plaintiff and against Carrington Mortgage Services, LLC for all sums proven at the trial of this lawsuit in the form of statutory and actual damages, compensatory damages, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest at the legal rate and such other relief that the Court does deem just, equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to

a jury trial.

Respectfully Submitted,


/s/ Kristen L. Zaehringer
Kristen L. Zaehringer (ct27044)
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
135 Broad Street
Milford, CT  06460
Tel: (203) 877-8000/Fax: (203) 878-9800
Kzaehringer@hssklaw.com

AND

Al Thompson, Esq. (*PHV forthcoming*)
Thompson Law Firm
627 Cherokee Street
New Orleans, LA  70118
Tel: (504) 588-2171/Fax: (888) 594-7717
Athompson@amtlaw.net

*Counsel for the Plaintiff Kenneth Wayne Hill*